## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 4348 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| PENTAGON FEDERAL CREDIT UNION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### DEFENDANT PENTAGON FEDERAL CREDIT UNION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

Defendant Pentagon Federal Credit Union ("**Pentagon**") by its attorneys, for its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) states as follows:

1. Plaintiff Michael A. Williams ("**Williams**") filed his Complaint against Pentagon on or about August 17, 2022.

2. In the Complaint, Williams alleges purported violations of 15 U.S.C. 1692 which is the Debt Collection Practices Act. (the "**Act**")

3. Pentagon bring this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

4. To survive a Rule 12(b) motion, the Plaintiff must assert a plausible claim, and set forth sufficient factual allegations to support that claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, (2007)).

5. In this matter, the Plaintiff has not sufficiently stated a claim and has failed to set forth sufficient facts to support that claim.

6. In the Plaintiff's "Statement of Claim," he sets forth the following:

- On September 10, 2021 The plaintiff extended credit to the defendant for the property of a 2020 tesla model 3. The plaintiff was forced to pay an alleged debt of monthly payment of $1077.63 to the defendant.

- The defendant ruined the plaintiff representation and threatened an repossessed the plaintiff property (2020 tesla model 3) without judgment.

- The defendant violated the plaintiff's privacy and gave out the plaintiff personal information to a third party without the plaintiff consent.

- The defendant didn't disclose the plaintiff right to rescind when the plaintiff extended credit to the defendant.

- The plaintiff demanded the defendant to cease communication with the alleged debt and the defendant continued to communicate with the plaintiff.

7. Plaintiff's first paragraph attempts to allege that the Plaintiff borrowed money from Pentagon to purchase a 2020 Tesla. Assuming all of this is true, there are no facts or any allegations of any wrongdoing by Pentagon. Its not clear how the Plaintiff was "forced" to pay a debt.

8. In the second paragraph, the Plaintiff alleges that Pentagon repossessed the Tesla without judgment. Again, assuming these statements are true, there are no allegations of any actual wrongdoing as lenders are entitled to repossess vehicles without securing a judgment.

9. In the third paragraph, the Plaintiff alleges that Pentagon violated his privacy rights by giving out personal information to a third party but he fails to allege what this information was or who purportedly received it.

10. In the fourth paragraph, the Plaintiff alleges that Pentagon didn't disclose the right to rescind when the Plaintiff extended credit to the Defendant. This allegation does not make sense as the Plaintiff has not established he was entitled to this disclosure or in what transaction this is related to. The Plaintiff repeatedly states that he extended credit to Pentagon which seems to contradict the prior allegations.

11. In the fifth paragraph, the Plaintiff claims he demanded that the Defendant stop communications with the Plaintiff. However, the Plaintiff has not established what those communications consisted of, who they were with, whether he was entitled to have any communications interrupted and/or that further communications to the Plaintiff regarding the debt was somehow a violation of a statute. The Act does regulate communications but primarily in those instances where a third-party is acting as a debt collector. The Plaintiff has only alleged he received communications from Pentagon. Without more facts, its not clear whether the Plaintiff has actually alleged any wrongdoing under the Act.

12. Even assuming all of the above allegations are true, the Plaintiff has not alleged enough facts to establish a claim for which relief can be granted.

**WHEREFORE**, Defendant Pentagon Federal Credit Union prays that this Court enter an order dismissing the Complaint with prejudice and any other relief the Court deems proper.

Respectfully submitted,

PENTAGON FEDERAL CREDIT UNION

By: /s/ *Eric J. Malnar*
Attorney for the Defendant

Eric J. Malnar (ARDC No. 6286782)
Huck Bouma PC
1755 S. Naperville Road
Suite 200
Wheaton, IL 60189
(630) 221-1755
emalnar@huckbouma.com