

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Michael A. Williams | |
| Plaintiff, | Case No. 22 Cv 4348 |
| | Judge Matthew F. Kennelly |
| v. | Magistrate Judge Jeffery T. Gilbert |
| | |
| PENTAGON FEDERAL CREDIT UNION | |
| Defendant | |

## PLAINTIFF Michael A Williams Response In Opposition to Defendant's Motion to Dismiss Plaintiff's Second Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6)

The Plaintiff Michael A Williams respectfully asks this honorable court to deny "Defendant's Motion to Dismiss Plaintiff's Second Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) with prejudice.

1. The Plaintiff Michael A. Williams is a consumer/natural person and the original creditor pursuant to 15 usc 1692a and filed the original complaint against the Defendant on or about August 17, 2022.

2. The Plaintiff agrees with the Defendant.

3. The Plaintiff also agrees with the Defendant.

4. In the complaint, the Plaintiff stated violations of TILA (Truth In Lending Act) and FDCPA (Fair Debt Collection Practices Act) against the Defendant.

5. The Plaintiff brings this response to the Defendant's motion to dismiss with Federal Rules of Civil Procedure 8 stating that the "CLAIM FOR RELIEF. A pleading that states a claim for relief must contain: (1) **a short and plain statement**... (2) a short and plain statement... and (3) a demand for the relief sought..." The Plaintiff's Amended Second Complaint establishes a short and plain statements that put the Defendant on notice of their unlawful conduct.

6. "Dismissal is not appropriate unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Next Century v Ellis*, 318 F. 3d 1023 (11th Cir. 2003).

7. "Likewise, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008) *(citation omitted).*

8. The Plaintiff never borrowed money from the Defendant to purchase the 2020 tesla model 3. As stated in paragraph 4 of the Second Complaint:

"On September 10, 2021, the Plaintiff entered into a consumer credit transaction and extended credit to the Defendant for the property of a 2020 tesla model 3…"

The Plaintiff did a consumer credit transaction with the Defendant. This was not an automobile loan. In Exhibit 1 (attached to Plaintiff's Second Complaint) under The Truth In Lending Disclosure Statement, it states under Amount Finance that "The amount of credit provided on your behalf" which gives facts that this was a consumer credit transaction and the right to rescind disclosure was to be required pursuant to 15 usc

1635. Furthermore, the Plaintiff used his property 2020 tesla model 3 to avoid the high gas prices and for daily errands which is a principal dwelling. In Exhibit 1 page 3 of 4 (attached to Plaintiff's Second Complaint) under Security Interest it states that the Defendant was granted a security interest which further proves that the Truth in Lending Act does apply and the Plaintiff is the original creditor pursuant to 15 usc 1602(g). The negligence of the Defendant left the Plaintiff unable to rescind on the consumer credit transaction and the Plaintiff had to get a side job due to the Defendant coercing the Plaintiff to make the alleged monthly payments of $1077.63. This cause a tremendous amount of mentally and physical stress on the Plaintiff to maintain multiple jobs to try to make the alleged monthly payments of $1077.63 to the Defendant. If the Plaintiff was disclosed about the right to rescind in a clearly and conspicuously matter, the Plaintiff would have rescinded the consumer credit transaction the next day and would never have been stressed.

9. Pursuant to 15 usc 1605 the Plaintiff was only required to pay the finance charge of $8,293.70 in the consumer credit transition for the property of the 2020 tesla model 3 with the Defendant. The Defendant misled and oppress the Plaintiff out of a $3000 down payment and other charges/fees (See Exhibit 1 attached to Plaintiff's Second Complaint). Also, the finance charge shall be disclosed clearly and more conspicuously than other terms and the Defendant failed to provide this disclosure in a clearly and conspicuously matter to the Plaintiff pursuant to 15 usc 1632(a). The negligence of the Defendant coerced the $3000 down payment and other charges/fees from the Plaintiff that left the Plaintiff unable to pay for a medical procedure that is vital to the Plaintiff health.

10. The Plaintiff sent a cease & desist letter and demanded that the Defendant validate the alleged debt. The Defendant neglected to cease communication with the Plaintiff and continued to collect on the alleged debt, which is a violation pursuant to 15 usc 1692c(c). The Defendant also neglected to provide a written notice, so the Plaintiff can properly validate the alleged debt pursuant to 15 usc 1692g. The failure of the Defendant actions mentioned above caused the Plaintiff to be harassed by the Defendant through the mail and verbally abused by The Defendant being called a debtor/borrower. The Defendant also continued to mislead the Plaintiff representation by communicating with the consumer reporting agencies about the Plaintiff's credit information pursuant to 15 usc 1692e(8). This resulted in the Plaintiff being denied credit and couldn't pay for the medical procedure that affected the Plaintiff's livelihood. In Paragraph 7 of the Second Complaint, The Plaintiff stated that the Affidavit of Truth was uncontested and unrebutted by the Defendant, which is everything needed to set forth sufficient facts to state a claim. "uncontested allegations in affidavit must be accepted as true" *Morris v National Cash Register Co.*, 44 S.W. 2d 433 (1931). (See Exhibit 4 & Exhibit 5 attached to Plaintiff's Second Complaint).

11. The Defendant had no lawful judgment to dispossess the Plaintiff's property pursuant to 15 usc 1692f(6). The Defendant is also in violation pursuant to 15 usc 1692e(4) and 15 usc 1692e(5) due to misleading the Plaintiff that the Defendant had the right to seize, to sell the Plaintiff's property, and threatening the Plaintiff that the Defendant had the right to take these unlawful actions (See Exhibit 8, 9, 10 attached to Plaintiff's Second Complaint). The Defendant above actions neglect the federal laws, ruined the Plaintiff representation, and invaded the privacy of the Plaintiff. The

Defendant didn't have the Plaintiff's consent to allow a third-party tow company to have the Plaintiff's location information pursuant to 15 usc 1692 and 15 usc 1692b. During the dispossession of the Plaintiff's property in public with other people to see, the Defendant knew this would be embarrassing, ruin the Plaintiff representation, and cause abuse towards the Plaintiff pursuant to 15 usc 1692d. The end result left the Plaintiff in a catastrophe without a vehicle. The Plaintiff couldn't continue to maintain personal errands, travel to work, and travel to visit family on holidays/birthdays. This led the Plaintiff to an immense depression that caused the Plaintiff to lose sleep, have anxiety attacks, have mood swings, and mentally/physically fatigued. As stated in paragraph 8 of this response the Plaintiff entered into a consumer credit transaction with the Defendant, not an agreement or an automobile loan. This consumer credit transaction has laws that protect the Plaintiff as a consumer/natural person and original creditor under the FDCPA (Fair Debt Collection Practices Act), TILA (Truth in Lending Act), and other acts. The Defendant is knowing of the FDCPA and TILA and has to obey these federal laws, which the Defendant has been neglecting to violate the Plaintiff.

12. In paragraph 11 of this response the Plaintiff has stated facts, cited laws, and demonstrated that the Defendant violated the Plaintiff pursuant to 15 usc 1692, 15 usc 1692b, and 15 usc 1692d.

13. The Defendant neglected and continued to use unfair means to collect an alleged debt of $53.88 and a fee of $325 to coerce payment out of the Plaintiff when there wasn't initial information about these alleged debts/fees in the consumer credit transaction (See Exhibit 1 attached to Plaintiff's Second Complaint). This is a direct violation of the Defendant pursuant to 15 usc 1692f. This caused the Plaintiff to be

misled that he owed this alleged debt/fees, which led the Plaintiff to be mentally/physically stressed due to working a side job and his main job to make more money to try to pay the alleged debts/fees to the Defendant.

14. In the Plaintiff response to the Defendant to motion to dismiss, the Plaintiff has stated a plausible claim and has set forth sufficient facts and cited laws that support the Plaintiff's claims. The Plaintiff still respectfully requests that this Honorable Court grant the following relief as follow:

- $1000 for every violation that the Defendant violated according to the FDCPA.

- double the finance charge which is a total of $16,587.40 according to TILA.

- punitive damages of $30,000.

- compensatory damages of $69,295.98

- remove all negative reports from PENTAGON FEDERAL CREDIT UNION from the Plaintiff's consumer reports.

- for such other relief as the Court deems just and proper.

For these reasons, the Plaintiff Michael A Williams (A consumer/natural personal and original creditor) respectfully asks this Honorable Court to deny the Defendant's Motion to Dismiss Plaintiff's Second Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6). The Plaintiff has submitted a well-pled set of factual elements and supporting exhibits pointing to Defendant's unlawful conduct.

Respectfully submitted,

By: /s/ Michael A Williams

Michael A. Williams
1130 S Canal #1240
Chicago, IL 60607
312- 841-9560
mikewill217@yahoo.com

## CERTIFICATE OF FILING AND SERVICE

I, Michael A Williams, state as follows under penalty of perjury this 25th day of January 2023:

1. I filed PLAINTIFF Michael A Williams Response In Opposition to Defendant's Motion to Dismiss Plaintiff's Second Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) by filing it in person with the clerk of court.

2. I served PLAINTIFF Michael A Williams Response In Opposition to Defendant's Motion to Dismiss Plaintiff's Second Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) through email by electronic means to the Defendant's following personal email address on January 25th 2023 before the hour of 7:00pm:

> Eric J. Malnar
> 1755 S Naperville Road
> Wheaton, IL 60189
>
> emalnar@huckbouma.com

3. I made the in person filing with the clerk of court on January 25th 2023.

/s/ Michael A Williams