**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Michael A. Williams,              ) | | |
|     Plaintiff,              ) | Case No:   22 C 4348 | |
|                                          ) | | |
| v.                                     ) | | |
|                                          ) | Judge Kennelly | |
| Pentagon Fed. Credit Union,  ) | | |
|     Defendant.          ) | | |

## ORDER

For the reasons stated below, the Court grants defendant's motion to dismiss [18] and dismisses plaintiff's second amended complaint for failure to state a claim upon which relief may be granted.   Unless plaintiff files, by 3/10/2023, a proposed third amended complaint that states at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against him.   The case is set for a telephonic status hearing on 3/16/2023 at 9:10 AM, using call-in number 888-684-8852, access code 746-1053.

## STATEMENT

Michael A. Williams has filed a *pro se* lawsuit against Pentagon Federal Credit Union. In his second amended complaint, Mr. Williams alleges that in September 2021, he entered into a consumer credit transaction in which the Credit Union extended him credit in connection with the purchase of a motor vehicle.   He alleges that he "wasn't disclosed the right to rescind . . . in a clearly and conspicuous manner" as allegedly required by the federal Truth in Lending Act (TILA) and as a result was "coerced" to make monthly payment son the loan of $1077.63.   2d Am. Compl. ¶ 4.   Mr. Williams also appears to allege that the down payment and other fees he was charged in connection with the sale were misleading and "oppress[ive]."   *Id.* ¶ 5.   He also alleges that in February 2022, the Credit Union "threatened and took" the vehicle—i.e. repossessed it—"without a lawful judgment" allegedly in violation of the federal Fair Debt Collection Practices Act (FDCPA).   He alleges he suffered financial and emotional distress damages as a result.   Mr. Williams also appears to complain regarding the imposition of a late fee.

The Credit Union has moved to dismiss on various grounds.   The Court addresses the motion in this order.

1.     The TILA does not provide a right to rescind in the situation involved here, and thus the alleged failure to properly disclose a right to rescind does not violate that statute.   Under 15 U.S.C. § 1635(a), TILA provides a right to rescind in a consumer credit transaction "in which a security interest . . . is or will be retained or acquired *in any property which is used as the principal dwelling of the person to whom credit is*

*extended*" (emphasis added)—in other words, if there is a security interest in a *home*. That's not the case here; the security interest that the Credit Union was acquired was in a motor vehicle. Thus the TILA right to rescind does not apply.

2. The charges that Mr. Williams had to pay in connection with the sale—for licenses, title, a document fee, insurance, a "wheel protection: plan, and a service contract—were all fully disclosed in the documents he signed, which he has attached to his second amended complaint. That aside, the retail installment contract reflects that these charges were imposed by the car dealer—Jidd Motors of Des Plaines, Illinois—not by the Credit Union. For these reasons, there's no basis to impose liability on the Credit Union for these charges, whether under the TILA or otherwise.

3. As far as the repossession of the vehicle is concerned, the FDCPA does restrict "non-judicial" repossession of property, but only if "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692(f)(6). Here there *was* such a right; it existed by virtue of the retail installment contract that Mr. Williams signed when he purchased the vehicle. Thus the FDCPA imposed no restriction on the Credit Union's alleged repossession of the vehicle.

4. Mr. Williams also seems to say that it violated his privacy rights for the Credit Union to give his information out to a towing company that effectuated the repossession. That allegation does not hold water. If the Credit Union had the right to repossess the vehicle—which it did—then it was entitled to hire someone to carry out the repossession. Hiring an agent to tow a repossessed vehicle can't possibly amount to a legally actionable invasion of privacy.

5. Finally, the retail installment contract, specifically paragraph 4 of the "additional agreements" section, specifically permitted the imposition of late fees.

For these reasons, the Court grants the Credit Union's motion to dismiss [18] and dismisses Mr. Williams's second amended complaint for failure to state a claim upon which relief may be granted. Unless Mr. Williams files, by 3/10/2023, a proposed third amended complaint that states at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against him.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: Feb. 22, 2023